**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DONALD HALL**<br>2533 E. 31 STREET<br>LORAIN, OH 44055<br><br> *Plaintiff,*<br><br>-vs-<br><br>**THE HERSHEY COMPANY**<br>19 E CHOCOLATE AVE.,<br>HERSHEY, PENNSYLVANIA, 17033<br><br>AND<br><br>**7-ELEVEN**<br>3200 HACKBERRY RD.,<br>IRVING, TEXAS, 75063<br><br><br> *Defendants.* | CASE NO.<br><br>JUDGE<br><br><br><br>**PLAINTIFFS' COMPLAINT**<br><br><br><br><br>**JURY DEMAND ENDORSED**<br>**HEREON** |

GENERAL ALLEGATIONS

1. Plaintiff, Donald Hall (hereinafter "Mr. Hall"), is an individual and at all times relevant, is a resident of the City of Lorain, in Lorain County, Ohio.

2. Defendant The Hershey Company (hereinafter "Hershey or Defendant") is a for-profit snack manufacture headquartered in Hershey Pennsylvania, at all times relevant, Hershey conducts business in Lorain County Ohio, owns and offers the snack brand KitKat as one of its snack products, and is contracted with Defendant 7-Eleven to offer the snack brand KitKat.

3. Defendant 7-Eleven (hereinafter "Seven-Eleven or 7-11 or Defendant") is a for-profit convenience store headquartered in Irving Texas, at all times relevant, 7-11 conducts

business in Lorain County Ohio and is contracted with Defendant Hershey to offer the snack brand KitKat to 7-11 customers.

4. At all times, the aforementioned Defendants acted or conducted business within the limits of Lorain County Ohio, in violation of article 2 of the Uniformed Commercial Code, and other state level offenses which caused Mr. Hall to sustain injury.

## JURISDICTION AND VENUE

5. This court has jurisdiction over these claims pursuant to 28 USC §§ 1331, 1367, and 2201. This Court also has supplemental jurisdiction over the claims asserted herein, pursuant to 28 U.S.C. § 1367. There is complete diversity and the amount in controversy exceeds the jurisdictional amount, and thus, this action is also subject to the Court's diversity jurisdiction under 28 U.S.C. § 1332.

6. Venue is properly laid in this court pursuant to 28 USC §1391(b), as the Defendants are doing business and/or a substantial part of the events giving rise to the claim occurred in the Northern District of Ohio.

## FACTUAL ALLEGATIONS

7. Plaintiff alleges each allegation contained in paragraphs 1 through 6 as if the same were fully restated herein.

8. On December 12, 2025, Mr. Donald Lawrence Hall Jr. was driving home from work in Lorain, Ohio when he stopped at Defendant 7-Eleven's 3054 Leavitt Rd. location.

9. Before exiting 7-Eleven, Mr. Hall purchased 1 Twix, 1 King Size Kit-Kat, and 1 Mountain-Due beverage.

10. Mr. Hall paid for the aforementioned items and drove home.

11. Once home, Mr. Hall began eating the Kit-Kat bar.

12. As Mr. Hall bit into the Kit-Kat, a cylindrical object, a few centimeters in diameter, that was baked into the Kit-Kat, fractured Mr. Hall's tooth as he chewed the Kit-Kat.

13. Mr. Hall subsequently contacted Defendant Hersheys' customer service to report the incident.

14. Mr. Hall then sought medical treatment for his injuries.

<u>COUNT ONE NEGLIGENCE</u>

15. Plaintiff alleges each allegation contained in paragraphs 1 through 14 as if the same were fully restated herein.

16. At all times relevant to this action, the Defendants had a duty to exercise reasonable care, and to comply with the existing standards of care, in their preparation, manufacture, inspection, labeling, and the sale of the Kit Kat candy which the Defendants introduced into the stream of commerce, including a duty to ensure that consumers would not suffer from unreasonable, dangerous or untoward adverse side effects of consumption of its product.

17. At all times relevant to this action, Defendants had a duty to warn all consumers of the risks, of consuming foreign objects in its Kit Kat candy which may cause harm.

18. At all times relevant to this action, the Defendants knew or reasonably should have known that their Kit Kat candy contained a foreign object, or an unreasonably dangerous object, or that their candy was defective, and not fit for consumption.

19. The Defendants' beach their duty to Mr. Hall when they cause a Kit Kat candy bar to be introduced into the stream of commerce that contained a foreign object that was likely to cause damage to Mr. Hall.

20. The Defendants' beach was the proximate and cause-in-fact of Mr. Halls injuries.

3

21. As a result of the Defendants' beach Mr. Hall sustained a broken tooth, hospital bills, and other injuries.

## COUNT TWO STRICT LIABILITY

22. Plaintiff alleges each allegation contained in paragraphs 1 through 21 as if the same were fully restated herein.

23. Mr. Hall is in the class of person that the Defendants should reasonable foresee as being subject to the harm caused by defectively Kit Kat candy insofar as Plaintiff Mr. Hall was the type of person for whom purchased and consumed Kit Kat candy.

24. Defendants, which are engaged in the business of selling Kit Kat candy and placed their editable product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the manufacture, and/or formulation of the products.

25. The Kit Kat candy supplied to Mr. Hall was defective in its manufacturing or formulation and contained a foreign object when it left the hands of Defendants, the manufacturers and suppliers, and when it reached the user and consumer of the products, Mr. Hall, without substantial alteration in the condition in which it was sold.

26. The product defects alleged above were a substantial contributing cause of the injuries suffered by Mr. Hall.

27. As a direct and proximate cause of the Defendants' negligence, Plaintiff suffered a broken tooth, hospital bills, and other injuries.

## COUNT THREE STRICT LIABILITY: FAILURE TO WARN

28. Plaintiff alleges each allegation contained in paragraphs 1 through 27 as if the same were fully restated herein.

4

29. Defendants manufactured Kit Kat candy and placed it into the stream of commerce in a defective and unreasonably dangerous conduction such that the foreseeable risk exceeded the benefit associated with the manufacturing or formulation of the product.

30. The Defendants Kit Kat candy was defective due to an inadequate warning surrounding injuries that could be caused by foreign objects contained in the candy.

31. The Defendants inadequate warning caused Mr. Hall to sustain injuries.

**WHEREFORE,** Mr. Hall respectfully prays for judgment in his favor and against Defendants jointly and severally in the amount in excess of 75,000 seventy-five thousand dollars plus attorney's fees, costs and fees and any other relief the court deems necessary.

Respectfully submitted,

**DAN SMITH**

/s/     *Dan Smith*

Dan Smith
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: dbsmith.esq@gmail.com

## JURY DEMAND

Plaintiffs respectfully request and demand that the above causes of action be tried by a jury.

Respectfully submitted,

**DAN SMITH**

__/s/_____*Dan Smith*_____

Dan Smith
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: dbsmith.esq@gmail.com

6

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Complaint* will be served as soon as the summons is available on the following persons by certified mail, return receipt requested. General Counsel for Hershey and General Counsel for 7-Eleven.

JAMES TROFF (GENERAL COUNSEL)
THE HERSHEY COMPANY
19 E CHOCOLATE AVE.,
HERSHEY, PENNSYLVANIA, 17033

LILLIAN KIRSTEIN (GENERAL COUNSEL)
7-ELEVEN
3200 HACKBERRY RD.,
IRVING, TEXAS, 75063

Respectfully submitted,

**DAN SMITH**

___/s/_____*Dan Smith*_____
Dan Smith
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: dbsmith.esq@gmail.com

7